IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAKISHA BENDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:23-cv-1359 |
| | § | |
| MEMORIAL HERMANN HEALTH SYSTEM, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Judge:

COMES NOW Takisha Bendy ("Bendy" or "Plaintiff"), and files her Original Complaint, complaining of Memorial Hermann Health System ("Memorial Hermann" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. Ms. Bendy demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorneys' fees for the adverse actions suffered by Ms. Bendy due to Defendant taking such adverse employment actions against her in violation of Title VII.

## PARTIES

1. The plaintiff, Takisha Bendy, is an African American individual who is an adult resident of Houston, Harris County, Texas.

2. The defendant, Memorial Hermann Health System, is company that conducts business in Houston, Harris County, Texas. Defendant may be served by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

1

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII. Defendant is an employer qualified to do business in Texas and employs more than 500 regular employees.

## JURISDICTION & VENUE

5. Jurisdiction is invoked pursuant to 28. U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

6. Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Ms. Bendy timely filed a charge of discrimination (*EEOC Charge No.* 460-2022-02416) with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2022, to challenge the discrimination suffered. She received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights. As such, Ms. Bendy has exhausted all applicable administrative remedies.

## FACTUAL BACKGROUND

8. Ms. Bendy's employment with Defendant began on or about March 31, 2015. Most recently with Defendant, Ms. Bendy worked as a Physician Practice Patient Access Representative at the Convenient Care Center in League City, Texas. In this position, Ms.

Bendy was tasked with, among other things, scheduling appointments, obtaining necessary insurance and financial information, verifying insurance eligibility and benefits, and posting payments in the proper systems.

9. In Spring 2020, the novel coronavirus SARS-CoV-2, which can cause the disease COVID-19, spread rapidly around the world. Around this time, Defendant began implementing certain mitigation procedures for its workforce.

10. Since that time, at least three separate COVID-19 vaccines have been developed and authorized for use in the United States. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech vaccine on December 1, 2020. One week later, the FDA issued a second EUA for the Moderna COVID-19 vaccine. Finally, the FDA issued a EUA for the Johnson & Johnson COVID-19 vaccine on February 27, 2021.

11. On or about August 2, 2021, Defendant announced that all employees would be required to receive a COVID-19 vaccine, unless they qualified for a medical or religious exemption from the vaccination requirement, by October 9, 2021.

12. During the relevant period, Defendant instructed its employees they must either choose vaccination or termination unless they are "accommodated" for religious or health reasons. At the time, Defendant's policy was in contrast with the Federal Government's announcement that the Department of Labor was developing a rule to require certain large employers to mandate vaccination *or* periodic testing for its employees. Defendant's COVID-19 vaccine mandate was also in violation of Governor Gregg Abbott's Executive Order GA-40. Executive Order GA-40 provides, as a matter of Texas law, that "[n]o entity in Texas can compel receipt of a COVID-19 vaccine by any individual, including an employee or a consumer, who

objects to such vaccination for any reason of personal conscience, based on a religious belief, or for medical reasons, including prior recovery COVID-19." 46 Tex. Reg. 7295, 7296 (Oct. 11, 2021). The Texas Workforce Commission further explained to Texas Employers, that the law in Texas is clear on this point: An employer cannot impose a COVID-19 vaccine mandate on an employee who qualifies for an exemption for religious, personal, or medical reasons.

13. More importantly, Title VII prohibits Defendant from discriminating against employees based on their religion. This "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

14. Put another way, "[a]n employer has the statutory obligation to make reasonable accommodations for the religious observance of its employees, but is not required to incur undue hardship." *Weber v. Roadway Express,* 199 F.3d 270, 273 (5th Cir. 2000).

15. On August 22, 2021, Ms. Bendy submitted a request for a religious accommodation through Defendant's online accommodation request portal, HR Shared Services.

16. In her accommodation request, Ms. Bendy explained her belief that the COVID-19 vaccines were in direct contractions of the Bible's teaching concerning life and free will and that it is sinful to live in a fearful spirit and to go against God's Biblical principles. Ms. Bendy also explained that she believed receiving the vaccine runs contrary to the Bible's teachings about her exercise of Free Will. As an adult, Ms. Bendy regularly elects not to receive vaccines due to her sincerely held religious beliefs.

17. Ms. Bendy did not receive any other contact from Defendant to discuss the request or possible accommodations.

18. On September 11, 2021, Defendant informed Ms. Bendy that her religious accommodation request was "Denied," and that she would not be able to appeal despite Defendant's policy allowing for a appeal process. Defendant did not engage in an interactive process, request Ms. Bendy to provide additional information supporting her religious views, or process Ms. Bendy's exemption/reasonable accommodation requests in good faith.

19. Instead, Defendant informed Ms. Bendy that she would be required to receive the COVID-19 vaccine on or before October 9, 2021 or be placed on unpaid suspension beginning Sunday, October 10, 2021 through Saturday, October 23, 2021. Rather than complying with obligations under Title VII, Defendant further responded by informing Ms. Bendy that she would be effectively terminated following the two-week suspension.

20. Defendant's actions left Ms. Bendy with the impossible choice of either taking the COVID-19 vaccine, at the expense of her religious beliefs and her health, or losing her livelihood. In doing so, Defendant has violated Title VII by failing to engage in the interactive process and provide reasonable accommodations, and also by retaliating against Ms. Bendy for engaging in protected activity.

21. On or about October 24, 2021, Defendant terminated Ms. Bendy's employment despite its continued attempt to characterize her employment separation as a "voluntary resignation." Defendant informed Ms. Bendy she no longer had a job since she did not receive a COVID-19 vaccination in contradiction to her sincere held religious belief.

22. On April 27, 2022, Ms. Bendy filed a charge with the EEOC regarding Defendant discriminatory actions.

## CAUSES OF ACTION

### COUNT I
### Violation of Title VII, 42 U.S.C. § 2000e, *et seq*
### Religious discrimination—failure to accommodate

23. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

24. Plaintiff held sincere religious beliefs that preclude her from receiving a COVID-19 vaccine.

25. Plaintiff informed Defendant of those beliefs and requested religious accommodations from the vaccine mandate.

26. Defendant refused to engage in the interactive process with Plaintiff regarding her religious accommodation requests and instead only responded to Plaintiff with a denial of her accommodation requests and information designed to deter Plaintiff from exercising her religious beliefs.

27. Irrespective of the interactive process, Defendant failed to provide Plaintiff with reasonable accommodation for her religious beliefs, as termination is not a reasonable accommodation. Instead, termination is an adverse employment action.

28. Defendant thereby discriminated against Plaintiff because of her religious beliefs.

29. Defendant's failure to provide religious accommodations has harmed and will continue to harm Plaintiff.

30. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

## DAMAGES

31. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

    a. Loss of wages and benefits, including front pay and back pay,

    b. Humiliation and embarrassment among coworkers and others,

    c. Mental anguish and emotional distress,

    d. Sustained damage to Plaintiff's credibility, and

    e. Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

32. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 390, Houston, Texas 77027 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    a. Declare Defendant's conduct in violation of Plaintiff's rights;

    b. Enjoin the Defendant from engaging in such conduct;

    c. Award Plaintiff actual damages;

    d. Order Defendant to pay Plaintiff back pay and front pay and benefits;

    e. Award Plaintiff compensatory damages for mental anguish;

    f. Award Plaintiff punitive damages to be determined by the trier of fact;

    g. Award Plaintiff liquidated damages.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Takisha Bendy